Pearson, J.
 

 By the deed of 1826, sundry slaves, includ
 
 *284
 
 ing John and Silva, were conveyed to the defendant, in trust, to divide them among the children of the donor, after the death of his wife, with an express reservation of the use of the slaves John and Silva to the defendant, during the life of the donor and his wife. The defendant was a party, to this deed, acted under it as trustee, sold all the slaves, except John and Silva, in pursuance of its provisions, and divided the proceeds of the sale among the children of the donor, retaining a share, (he being one of the children).
 

 How, apart from the doctrine of election, upon which there is much learning, and according to which, if a testator, or donor, give to A, the property of B, and give to B, other property of the testator or donor, the latter is not allowed to claim the bounty of the testator, or donor, and also to set up claim to his own property, whereby to disappoint the bounty intended for A, the idea that the defendant can, after acting under, and taking benefit from, the deed of 1826, be allowed to set up claim to the two slaves, John and Silva, under the deed of 1821, shocks all notions of common honesty, and, as is said in
 
 Sasser
 
 v. Jones, 3 Ire. Eq. 19, amounts to a gross, and palpable fraud.
 

 "We are not, however, driven, as in
 
 Sasser
 
 v. Jones, to the necessity of imputing to the defendant actual fraud, and prefer to reconcile the matter in this way; i. e., the reservation to the defendant, in the deed of 1826, of an estate for the life of the donor and his wife, was accepted, and considered -by the defendant, together with his share in the division under that deed, as^i fair equivalent for the estate during his
 
 own
 
 life, to which he was entitled under the deed of 1821, but which was subject to a condition. In other words; he was willing, and did surrender an estate for his own life, which was subject to a condition, in consideration of an absolute estate for the lives of his parents, or the longest liver, in addition to a child’s part in the entire fund. This makes the whole matter work together; leaves no reflection upon the honesty of the parties; and carries the intention into effect.
 

 It is familiar doctrine, if one stand by and see another buy
 
 *285
 
 property to which he has a claim, and pay a fair price for it, ■ he shall not afterwards be allowed to dispute the title, because he cannot do so without being guilty of a fraud. Our case is stronger than that; for the defendant-is a party to the deed; acts under it as trustee, and receives a part of the fund.
 
 We
 
 are satisfied, therefore, that the deed of 1826, by the understanding of the parties, supersedes the deed of 1821; and that the estate for his own life, subject to a condition, was surrendered, or exchanged, by the defendant, for an estate for the life of his father and mother, or of the longest liver, in consideration of his being allowed to take a full share as one of the children. As the defendant was entitled to Silva and John, until the death of both his father und mother, the fact that they were not sold at the death of the mother, when the other slaves were sold, is fully accounted for, and puts the idea of an adverse claim, so as to bring into operation the statute of limitations, out of the question; and as Silva died so soon after the death of the donor, we think the defendant was not guilty of laches, so as to charge him with her value.
 

 In short, we concur with his Honor in the view taken by him in regard to the whole case, and the decree must be in all respects affirmed.
 

 Per Cueiam. Decree accordingly.